## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SAMANTHA GUNTER,
     Plaintiff,

v.

WAL-MART STORES EAST, LP,
     Defendant.

_____/

CASE NO.:

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED

### COMPLAINT

Plaintiff SAMANTHA GUNTER sues Defendant WAL-MART STORES EAST, LP and states as follows:

### GENERAL ALLEGATIONS

1.     Defendant, WAL-MART STORES EAST, LP (hereinafter "Defendant" or "Wal-Mart") is a foreign Corporation engaged in business in the Middle District of Florida, Hillsborough County, Florida.

2.     Plaintiff, SAMANTHA GUNTER (hereinafter "Plaintiff" or "Gunter") is a former employee of Defendant Wal-Mart who, at all times relevant, worked out of Defendant's 8220 North Dale Mabry Highway, Tampa, Hillsborough County, Florida location.

3.     Plaintiff Gunter, at all times relevant, was a resident of Tampa, Hillsborough County, Florida.

4.     At all times relevant, Defendant employed more than fifteen (15) regular employees.

5.     The amount in controversy exceeds $15,000.00.

6.     Plaintiff Gunter began working with Defendant in or around 2000.

7.     Plaintiff Gunter consistently adequately fulfilled her job responsibilities.

8.     In or around 2005, Plaintiff Gunter suffered a brain aneurism and has suffered episodes periodically since then because of said brain aneurism.

9.     Plaintiff Gunter's brain aneurism is a medically diagnoses condition that substantially limits and continues to limit one or more of her major life activities.

10.     Plaintiff Gunter is a disabled individual.

11.     Plaintiff Gunter has a history of said disabilities and, at all times relevant, was regarded as having said disabilities by Defendant.

12.     At all times Plaintiff Gunter kept Defendant up-to-date on her medical condition. Defendant knew that Plaintiff Gunter's medical condition was serious and knew that it created a disability.

13.     Plaintiff Gunter always adequately fulfilled her job responsibilities.

14.     Shortly after Plaintiff Gunter became a disabled person due to her brain aneurism, Plaintiff Gunter applied for and was awarded Intermittent FMLA.

15.     Plaintiff Gunter had consistently used Intermittent FMLA since her original application when Plaintiff Gunter became disabled.

16.     Plaintiff Gunter had also been given a hard time, discriminated against and harassed because of Plaintiff Gunter's disability and her need for Intermittent FMLA and her use of Intermittent FMLA.

17.     Plaintiff Gunter was treated differently than her non-disabled, non-FMLA-taking co-workers.

18.     Plaintiff Gunter was often told by her superiors that she was only still employed because of her "excused" FMLA use.

19.     It was clear to Plaintiff Gunter that Defendant wanted to terminate Plaintiff Gunter for any reason possible.

20.     In or around April of 2018, Plaintiff Gunter was experiencing an aneurism episode and was forced to utilize two (2) days of Intermittent FMLA.

21.     Defendant later told Plaintiff Gunter that she had inadvertently pressed the wrong button when calling in her request for the FMLA days.

22.     Plaintiff Gunter explained that the wrong button had been pressed and had medical records showing the reason for her missing the two (2) days of work but Defendant used this opportunity to terminate Plaintiffs Gunter's employment.

23.     Other non-disabled, non-FMLA-utilizing co-workers were not terminated for inadvertently pressing the wrong button when calling into Defendant's system.

24.     Plaintiff Gunter was discriminatorily and retaliatorily terminated for utilizing Intermittent FMLA and for having a disability.

25.     Plaintiff Gunter was pretextually terminated in or around April of 2018.

26.     The above discriminatory and retaliatory acts were only a small portion of the unlawful treatment Defendant subjected Plaintiff Gunter to.

## COUNT I
### Discrimination/Harassment – ADA

27.     Plaintiff Gunter re-alleges paragraphs 1-26 as if fully alleged herein.

28.     This action is brought pursuant to the Americans with Disabilities Act, as amended (hereinafter "ADA").

29.     At all times relevant, Defendant employed over fifteen (15) employees and was/is an employer as defined by the ADA.

30.     Plaintiff Gunter suffered a medically diagnosed brain aneurism in or around 2005, and has ever since had one or more of her major life activities substantially limited.

31.     Plaintiff Gunter is a disabled person. Plaintiff Gunter has a history of said disabilities and, at all times relevant, was regarded as having said disabilities by Defendant. Plaintiff Gunter, at all times relevant, kept the Defendant up-to-date on her medical conditions/disabilities.

32.     Defendant, through its agents and/or supervisors, engaged in a pattern and practice of unlawful discrimination and harassment by subjecting Plaintiff Gunter to disparate treatment than her non-disabled, non-FMLA-utilizing co-workers based on her disability (brain aneurism) and her utilization of approved Intermittent FMLA in violation of the ADA.

33.     The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff Gunter's employment and interfered with Plaintiff Gunter's emotional well-being.

34.     Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 1-26.

35.     As a result of the discriminatory and harassing actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Gunter from further discrimination and harassment, Plaintiff Gunter suffered emotional distress.

36.     Defendant violated Chapter 760 by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 1-26.

37.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination and harassment from the workplace and to prevent it from occurring in the future.

38.     Plaintiff Gunter is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not yet fully known.

39.     Plaintiff Gunter has filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant. Over 180 days have passed since filing.  Plaintiff has exhausted her administrative remedies.

40.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and harassment against her, Plaintiff Gunter has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Gunter is thereby entitled to general and compensatory damages in amounts to be proven at trial.

41.     As a further direct and proximate result of Defendant's violation of Chapter 760, as heretofore described, Plaintiff has been compelled to retain the service of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Gunter.

42.     Plaintiff Gunter is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff Gunter is further informed and believes that Defendant, through its officers, managing agents

and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers.

43.     Plaintiff Gunter demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Gunter prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees and costs and such other relief as this Court deems proper.

## COUNT II
### Discrimination/Harassment – Title VII

44.     Plaintiff Gunter re-alleges paragraphs 1-26 as if fully alleged herein.

45.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

46.     At all times relevant, Defendant employed over fifteen (15) employees.

47.     Defendant, through its agents and/or supervisors, engaged in a pattern and practice of unlawful discrimination and harassment by subjecting Plaintiff Gunter to repeated harassment and disparate treatment based on her disabilities and her utilization of Intermittent FMLA in violation of Title VII.

48.     The above-described discriminatory and harassing conduct adversely affected the terms and conditions of Plaintiff Gunter's employment and interfered with Plaintiff Gunter's emotional well-being.

49.     Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 1-26

50.     As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Gunter from further discrimination, Plaintiff Gunter suffered emotional distress.

51.     Defendant violated Title VII by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of their employees and management as described in paragraphs 1-26

52.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination and harassment from the workplace and to prevent it from occurring in the future.

53.     Plaintiff Gunter is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory and harassing practices against her which are not yet fully known.

54.     Plaintiff Gunter has filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant. Over 180 days have passed since filing. Plaintiff Gunter has exhausted her administrative remedies.

55.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and harassment against her, Plaintiff Gunter has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff Gunter is thereby entitled to general and compensatory damages in amounts to be proven at trial.

56.     As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the service of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby

incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Gunter.

57.     Plaintiff Gunter is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff Gunter is further informed and believes that Defendant, through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers.

58.     Plaintiff Gunter demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff Gunter prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), punitive damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees and costs and such other relief as this Court deems proper.

## COUNT III
### FMLA – Retaliation

59.     Plaintiff Gunter realleges paragraphs 1-26 as if fully alleged herein.

60.     This action is being brought pursuant to the Family Medical Leave Act ("FMLA").

61.     At all times relevant, Defendant employed over 50 individuals within a 75-mile radius of Plaintiff's work location.

62.     Plaintiff Gunter was employed by Defendant for over a year and was otherwise covered under the FMLA.

63.     Plaintiff Gunter exercised her right under the FMLA by asking for and by taking approved Intermittent FMLA leave for her disability.

64.     Plaintiff Gunter was treated differently than her non-disabled, non-FMLA-taking co-workers.

65.     Plaintiff Gunter was often told by her superiors that she was only still employed because of her "excused" FMLA use.

66.     It was clear to Plaintiff Gunter that Defendant wanted to terminate Plaintiff Gunter for any reason possible.

67.     In or around April of 2018, Plaintiff Gunter was experiencing an aneurism episode and was forced to utilize two (2) days of Intermittent FMLA.

68.     Defendant later told Plaintiff Gunter that she had inadvertently pressed the wrong button when calling in her request for the FMLA days.

69.     Plaintiff Gunter explained that the wrong button had been pressed and had medical records showing the reason for her missing the two (2) days of work but Defendant used this opportunity to terminate Plaintiff Gunter's employment.

70.     Other non-disabled, non-FMLA-utilizing co-workers were not terminated for inadvertently pressing the wrong button when calling into Defendant's system.

71.     Plaintiff Gunter was retaliatorily terminated for utilizing Intermittent FMLA.

72.     Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 1-26 and 61-71.

73.     As a result of the retaliatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff Gunter from FMLA retaliation, Plaintiff Gunter suffered emotional distress.

74.     As a further direct and proximate result of Defendant's violation of the FMLA, as heretofore described, Plaintiff has been compelled to retain the service of counsel in an effort to

enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff Gunter.

75.     Plaintiff Gunter is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff Gunter is further informed and believes that Defendant, through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers.

WHEREFORE, Plaintiff Gunter prays this Court award judgment in her favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), liquidated damages and damages for emotional distress, pain and suffering and mental anguish, pre- and post-judgment interest, attorneys' fees and costs and such other relief as this Court deems proper.

Dated: April 30, 2019                              Respectfully Submitted,

_/s/_ Kathryn C. Hopkinson
**Kathryn C. Hopkinson, Esq.**
Florida Bar No.: 0102666
khthompsonlegal@gmail.com
**James M. Thompson, Esq.**
Florida Bar No.: 0861080
jmthompsonlegal@gmail.com
mkthompsonlegal@gmail.com
agthompsonlegal@gmail.com

THOMPSON LEGAL CENTER, LLC

777 S. Harbour Island Blvd., Ste. 245
Tampa, Florida 33602
(813) 769-3900 • (813) 415-3999 Fax

*Counselors for Plaintiff Samantha Gunter*